IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SALINAS ACOSTA WEAVER,<br><br>            Plaintiff,<br><br>     v.<br><br>SOCIAL SECURITY<br>ADMINISTRATION,<br><br>            Defendant. | CIVIL ACTION FILE<br><br>NO.  1:12-CV-4488-WSD-JFK |

## **FINAL REPORT AND RECOMMENDATION**

The above-styled case is before the court on a motion to dismiss filed on April 15, 2013, by Defendant Social Security Administration on behalf of Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner").  [Doc. 14]. Plaintiff Salinas Acosta Weaver challenges the Commissioner's decision to reduce his disability benefits in December 2012. [Doc. 3 at 1-3]. Plaintiff also alleges that he is entitled to more than $19,000 from the Social Security Administration ("SSA") that he has never received.  [Id.].  The Commissioner has filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) based on a lack of subject matter jurisdiction. [Doc. 14]. Also pending before the court is a motion for default judgment filed by Plaintiff.  [Doc. 16].

## I.      Facts

Plaintiff Weaver applied for disability insurance benefits ("DIB") and supplemental security income ("SSI") in December 2008. [Doc. 14-2, Declaration of Ann McGruder ("McGruder Dec.") ¶ 4].[1]  On May 16, 2011, the SSA found that Plaintiff was disabled and that he was entitled to DIB beginning October 2007. [McGruder Dec. ¶ 5, Exhibit ("Ex.") A].  However, the notice informed Plaintiff that the SSA was withholding his past due DIB for the period from October 2007 through April 2011 because he might receive SSI for the same period.  [Id.].  Although the notice advised Plaintiff that he could appeal the decision by filing a request for reconsideration, SSA records do not indicate that Plaintiff requested reconsideration. [Id.].

---

[1] Ann McGruder is a Lead Social Insurance Program Specialist working in the SSA's Regional Office in Atlanta.  [McGruder Dec. ¶ 1].  McGruder states that her knowledge of the facts in this case is based upon her review of "entries and notices in the various operational systems maintained by the SSA."  [McGruder Dec. ¶ 3]. Because Defendant's motion to dismiss is brought pursuant to Fed. R. Civ. P. 12(b)(1), the court may consider "'matters outside the pleadings'" in ruling on the motion. Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999) (citation omitted); accord Wallace v. Holder, 846 F. Supp. 2d 1245, 1248 (N.D. Ala. 2012).

The SSA awarded Plaintiff SSI on May 18, 2011, and stated that his eligibility began in October 2008 based on being disabled. [McGruder Dec. ¶ 6, Ex. B]. The notice informed Plaintiff that the SSA withheld $19,721.36 in back payments for the period from October 2008 through May 2011 because Plaintiff had agreed in writing that the Fulton County Department of Family and Children's Services would be repaid any money it had paid to him for those months. [Id.]. The notice also explained to Plaintiff that he could appeal by filing a request for reconsideration if he disagreed with the decision. [Id.]. However, SSA records do not indicate that Plaintiff requested reconsideration. [McGruder Dec. ¶ 6]. The SSA subsequently paid the Fulton County Department of Family and Children's Services $3,045.00 from Plaintiff's SSI back payments. [Id.]. The SSA paid Plaintiff $16,055.21 of his retroactive SSI payments in 2011 and 2012 and paid his attorney the remaining $621.15 for representing him at the administrative level. [McGruder Dec. ¶ 7, Ex. C].

In July 2011, the SSA notified Plaintiff that he would not be paid for all of the retroactive DIB previously withheld from October 2007 through April 2011 because he had received $15,348.09 in SSI payments from October 2008 through July 2011. [McGruder Dec. ¶ 8, Ex. D]. The SSA informed Plaintiff that his retroactive DIB payments were reduced by $15,348.09 and sent him a check for $789.06 which

3

accounted for the remaining past due DIB. [Id.]. The SSA notice also advised Plaintiff that he could appeal the decision by filing a request for reconsideration, but SSA records do not indicate that he requested reconsideration. [Id.].

In December 2012, the SSA sent Plaintiff his monthly DIB check for $528.00 and notified him that he would receive a check for $510.00 because of a disability recomputation payment. [McGruder Dec. ¶ 9, Exs. C, E]. Although Plaintiff was advised that he could appeal the decision by filing a request for reconsideration, SSA records do not indicate that Plaintiff requested reconsideration. [Id.]. On December 17, 2012, the SSA notified Plaintiff that he had been overpaid by $190.00 in December 2012. [McGruder Dec. ¶¶ 10, 11, Ex. F]. The noticed advised Plaintiff that he could file a request for reconsideration if he disagreed with the decision. [Id.]. In January 2013, Plaintiff filed this civil action, which the SSA treated as an initial appeal of the calculation of his income in December 2012. [Doc. 3; McGruder Dec. ¶¶ 11, 12]. The SSA sent Plaintiff a notice on February 26, 2013, informing him that the SSA waived recovery of the $190 overpayment. [McGruder Dec. ¶ 13, Ex. G]. The SSA, however, denied Plaintiff's request to disregard counting the additional $510.00 as unearned income. [Id.]. The notice advised Plaintiff that he had 60 days to request a hearing before an administrative law judge ("ALJ") if he disagreed with the decision. [Id.].

4

Waiver of the recovery of the $190 overpayment resulted in no net change in benefits paid to Plaintiff in December 2012 or any other month. [Id.].

## II.    Discussion

### A.    Defendant's Rule 12(b)(1) Motion to Dismiss

The Commissioner argues that Plaintiff's complaint should be dismissed pursuant to Rule 12(b)(1) for a lack of subject matter jurisdiction. [Doc. 14]. According to the Commissioner, this court does not have jurisdiction over Plaintiff's claim because he failed to show that he exhausted his administrative remedies. [Id. at 9-15]. "[T]he United States 'is immune from suit save as it consents to be sued,' and Congress alone determines how and when the United States may be sued for judicial review of administrative orders and judgments." Jackson v. Astrue, 506 F.3d 1349, 1352-53 (11th Cir. 2007) (quoting Lehman v. Nakshian, 101 S. Ct. 2698, 2701 (1981)). Federal subject matter jurisdiction to review final decisions of the Commissioner of Social Security is provided by 42 U.S.C. §§ 405(g) and (h). The remedies provided by § 405 "are the exclusive source of federal court jurisdiction over cases involving SSI." Jackson, 506 F.3d at 1353. Section 405 provides, in pertinent part:

> (g) Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil

5

action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . .

(h) The findings and decision of the Commissioner of Social Security after a hearing shall be binding upon all individuals who were parties to such hearing.  No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.  No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter.

42 U.S.C. § 405.  Thus, under the Act, "judicial review exists only over the 'final decision of the Commissioner of Social Security.'" Cash v. Barnhart, 327 F.3d 1252, 1255 (11th Cir. 2003) (per curiam) (quoting 42 U.S.C. § 405(g)); accord 42 U.S.C. § 1383(c)(3) ("The final determination of the Commissioner . . . shall be subject to judicial review as provided in section 405(g)[.]").

The term "final decision" is not defined in the statutes, but the regulations require that a Social Security claimant must complete each step in the administrative review process.  See Ingram v. Comm'r of Social Security Admin., 496 F.3d 1253, 1263-64 (11th Cir. 2007) (citations omitted).  The administrative review process includes: (1) the initial determination; (2) a request for reconsideration (informal appeal); (3) a hearing before an ALJ; and (4) Appeals Council review.  See 20 C.F.R.

6

§ 405.1(b). "'Exhaustion is generally required as a matter of preventing premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.'" Crayton v. Callahan, 120 F.3d 1217, 1222 (11th Cir. 1997) (quoting Weinberger v. Salfi, 95 S. Ct. 2457, 2467 (1975)). To exhaust administrative remedies and have a "final decision" of the Commissioner for the purpose of judicial review, "a claimant must appeal to the Appeals Council, which then may deny or grant review." Ingram, 496 F.3d at 1264 (citations omitted).

In the present case, judicial review is not available because Plaintiff Weaver did not complete the administrative appeal process. Plaintiff was given numerous notices informing him that he could appeal administrative decisions by filing a request for reconsideration, but SSA records do not indicate that Plaintiff requested reconsideration. [McGruder Dec. ¶¶ 6, 8-11, 13, Exs. B-G]. When Plaintiff filed the present civil action in January 2013, the SSA treated it as an initial appeal of the calculation of his income in December 2012. [Doc. 3; McGruder Dec. ¶¶ 11, 12]. The SSA subsequently sent Plaintiff a notice dated February 26, 2013, informing him that he had 60 days to request a hearing before an ALJ if he disagreed with the decision.

7

[McGruder Dec. ¶ 13, Ex. G]. However, Plaintiff has failed to show that he requested a hearing.

As noted *supra*, pursuant to 42 U.S.C. 405(g), judicial review is only available after a "final decision of the Commissioner of Social Security made after a hearing." There is no evidence before the court that Plaintiff has ever received an administrative hearing. Plaintiff did not exhaust his administrative remedies and has not obtained a final decision of the Commissioner for the purpose of judicial review. In addition, Plaintiff has not raised a constitutional claim or otherwise established that the exhaustion requirement may be waived. See Mantz v. Social Security Admin., 486 Fed. Appx. 845, 846 (11th Cir. 2012) ("Because Mantz failed to exhaust her remedies and she does not raise a constitutional claim, the district court properly concluded that it lacked jurisdiction to hear her appeal."). Accordingly, the undersigned concludes that Plaintiff has failed to carry his burden of demonstrating that the present matter is within this court's subject matter jurisdiction. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (holding that plaintiff bears burden of establishing subject matter jurisdiction). It is **RECOMMENDED** that Defendant's Rule 12(b)(1) motion [Doc. 14] to dismiss be **GRANTED** and that Plaintiff's complaint [Doc. 3] be **DISMISSED** without prejudice. See Crayton, 120 F.3d at 1222 (dismissing plaintiffs' claims

8

"without prejudice, so that they may pursue administrative remedies and then return to federal court if appropriate").

### B. Plaintiff's Motion for Default Judgment

Plaintiff Weaver has filed a motion for default judgment alleging that Defendant failed to respond in a timely manner. [Doc. 16]. It is unclear from the docket when or if valid service of process took place. However, the validity of service of process need not be addressed because the undersigned has found that the court does not have subject matter jurisdiction over Plaintiff's claim. See Cazella v. Winter, 2007 WL 1101233, at *1 n.1 (M.D. Fla. April 12, 2007) ("Because the Court finds that it does not have subject matter jurisdiction in the instant case, there is no need to conclusively determine the validity of service of process."). Given the lack of subject matter jurisdiction and the undersigned's recommendation to dismiss Plaintiff's complaint, it is **RECOMMENDED** that Plaintiff's motion [Doc. 16] for default judgment be **DENIED AS MOOT**. See Herskowitz v. Reid, 187 Fed. Appx. 911, 913 (11th Cir. 2006) (holding that the court did not err in addressing subject matter jurisdiction *sua sponte* even though the clerk had entered default against defendant); Girard L. McEntee Ins. Agency, Inc. v. Valley Nat'l Bank, 2006 WL 1097839, at *5 (N.D. Ga.

9

April 21, 2006) (denying as moot plaintiffs' motion for entry of default based on a lack of subject matter jurisdiction).

### III. Conclusion

Based on the foregoing reasons and cited authority, the undersigned **RECOMMENDS** that Defendant's Rule 12(b)(1) motion [Doc. 14] to dismiss be **GRANTED** and that Plaintiff's complaint [Doc. 3] be **DISMISSED** without prejudice for lack of subject matter jurisdiction. The undersigned further **RECOMMENDS** that Plaintiff's motion [Doc. 16] for default judgment be **DENIED AS MOOT**.

The Clerk is **DIRECTED** to terminate this reference.

**SO RECOMMENDED**, this 7th day of October, 2013.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)