IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SALINAS ACOSTA WEAVER,

            Plaintiff,

v.

SOCIAL SECURITY
ADMINISTRATION,

            Defendant.

1:12-cv-4488-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiff Salinas Acosta Weaver's ("Plaintiff") Motion to Reopen the Case [27] and Application for Leave to Proceed *in forma pauperis* [28].

### I.   BACKGROUND

On January 2, 2013, Plaintiff filed his *pro se* Complaint [3] against Defendant Social Security Administration (the "SSA"). Plaintiff alleged that the SSA improperly reduced his disability benefits in December 2012, and also withheld $19,000 owed to him. On April 15, 2013, the SSA, on behalf of Carolyn W. Colvin, Acting Commissioner, filed its Motion to Dismiss [14] the Complaint for lack of subject matter jurisdiction.

On October 7, 2013, Magistrate Judge Janet F. King issued her Final Report and Recommendation [14] ("R&R"), recommending dismissal of Plaintiff's action for lack of subject matter jurisdiction. On December 16, 2013, the Court adopted the Magistrate's R&R and dismissed the case without prejudice. [24]. The Court found there "is no evidence in the record that the Plaintiff filed a request for reconsideration or otherwise requested a hearing before an administrative law judge." (Id. at 3). Because Plaintiff failed to complete the SSA's administrative review process, the Court lacked subject matter jurisdiction over his claims. (Id.).

On August 12, 2014, Plaintiff filed his Motion to Reopen the Case and Application for Leave to Proceed *in forma pauperis*. In his Motion to Reopen, Plaintiff lists "New Tax Evidence" and "Withdrawn Consent to Proceed Before a Magistrate Judge" to justify reopening his case.[1] (Mot. to Reopen at 1). Plaintiff does not describe this claimed new tax evidence, and he does not offer any support for his contention that the withdrawal of his consent to proceed before a magistrate judge provides a basis to reopen his closed case. Plaintiff attached to his motion a

---

[1] A consent to the jurisdiction of a magistrate judge acts only as an election by the party to consideration of a case by a magistrate rather than a district judge. The withdrawal of consent, even if timely, does not provide grounds to affect a previously judicial determination that subject matter jurisdiction is not present.

letter from the SSA summarizing his current benefits, a photocopy of his Georgia drivers license, and a "Notice to Respond to Summary Judgment Motion" from the Clerk of Court of the Northern District of Georgia.[2] (Id. at 2-5).

## II. DISCUSSION

Plaintiff's conclusory assertion that "New Tax Evidence" or "Withdrawn Consent to Proceed Before a Magistrate Judge" justifies reopening this case is unconvincing. Plaintiff fails to show that the Court has jurisdiction over his lawsuit by establishing that he has completed the SSA's administrative review process.[3] See Sherrod v. Chater, 74 F.3d 243, 245 (11th Cir. 1996) ("[J]udicial review only exists over 'final decisions of the Secretary [of the SSA].'" (citing 42 U.S.C. § 405(g)). Plaintiff's Motion to Reopen the Case is required to be denied.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Reopen the Case [27] is **DENIED.**

---

[2] The Summary Judgment Notice is presumably from a separate action, as there have been no motions for summary judgment in this case.

[3] Because the Court declines to grant Plaintiff's Motion to Reopen the Case, Plaintiff's Application for Leave to Proceed *in forma pauperis* is denied as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Application for Leave to Proceed *in forma pauperis* [28] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED** this 13th day of October, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE